In re Peter J. GOULD, d/b/a, Cherry Hill Development Co., Debtor.

Peter J. Gould, d/b/a, Cherry Hill Development Co., Plaintiff,

v.

Oakland Associates, a Partnership; S.S. Silberblatt, Inc.; Marigon Corp.; The Estate of Janice H. Levin; The Estate of Philip J. Levin; Harold Harris, Representative; William Farber, Representative; The Estate of Francis S. Levien; Janice C. Levien; Betty Bloomberg, Representative; Fred Hecht, Representative; Harry E. Gould; and Robert J. Gould, Defendants.

Bankruptcy No. 03–51180 AHWS. Adversary No. 04–05046.

United States Bankruptcy Court, D. Connecticut.

May 26, 2005.

Robert L. Plotz, Thomas A. Brown II, Sarah P. Karwan, Orans, Elsen and Lu-pert, LLP, New York City, for Defendants/Movants Oakland Associates et al.

Thomas J. Romas, Hackensack, NJ, Peter J. Ressler, Groob, Ressler & Mulquenn, New Haven, CT, for the Plaintiff.

## MEMORANDUM AND DECISION ON MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

### Background

On May 20, 2002, Oakland Associates commenced an arbitration proceeding against Peter J. Gould, alleging that while serving as managing partner he took $2,212,643.23 from Oakland Associates.[1] Gould claimed that he was entitled to the money as compensation for services he provided and expenses he incurred. On May 6, 2003, the arbitrator awarded Oakland Associates $2,212,643.23 because "[t]he partnership agreement expressly provides that no partner shall receive a salary or other compensation for services rendered to the partnership without *specific* authorization" and Gould had neither sought nor received any authorization, except for his $12,000 annual salary. (Arb. Award at 1–2).

On July 15, 2003, the arbitration award was confirmed by the New York Supreme Court, and a judgment of $2,185,357.39, including prejudgment interest, entered. On January 23, 2004, Gould moved in that court to vacate the judgment. On February 18, 2004, Gould's motion was denied.

On August 22, 2004, Gould filed a chapter 11 petition in this court, and on November 29, 2004, his second amended plan of reorganization was confirmed (the "Confirmed Plan"). As required by the

---

1. Oakland Associates' partnership agreement provided for the submission of any claims arising under the agreement to arbitration. *See* Partnership Ag. at § 17.

Confirmed Plan, Gould paid Oakland Associates $2,449,035.92, based upon the arbitration award and post award interest. At the confirmation hearing, Gould reserved any right he might have to file an adversary proceeding to challenge Oakland Associates' claim, notwithstanding the Confirmed Plan's provision for its full payment. On December 7, 2004, Gould commenced this adversary proceeding under 11 U.S.C. § 541, seeking the $2,449,035.92 he paid to Oakland Associates.[2]

On January 21, 2005, defendants Oakland Associates, the Estate of Janice H. Levin, the Estate of Philip J. Levin, Harold Harris, William Fraber, the estate of Francis S. Levien, Janice C. Levien, Betty Bloomberg, Fred Hecht, and Harry E. Gould (collectively, the "Oakland Defendants") moved to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Rule 12(b)(6), F.R.Civ.P., made applicable by Rule 7012(b), F.R.Bankr.P. On March 4, 2005, Gould objected. At the conclusion of a status conference on March 8, 2005, the court converted the motion to dismiss to a motion for summary judgment, *see* Rule 56, F.R.Civ.P., because an interpretation of the arbitration award, including documents outside the pleadings, was required for a decision. *See* Rule 12(b)(6), F.R.Civ.P. ("If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). Following

the submission of memoranda, oral argument was heard on April 19, 2005.

### Discussion

#### *Summary Judgment Standard*

The Oakland Defendants bear the burden of establishing that there are no genuine issues of material fact in dispute and that they are entitled to judgment as a matter of law. *See* Rule 56(c), F.R.Civ.P., made applicable by Rule 7056, F.R.Bankr.P. As this circuit has held, "only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991). Further, the court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party," *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992), but a nonmoving party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which [a trier of fact] could reasonably find for the plaintiff.").

#### *Application to this Proceeding*

The Oakland Defendants argue that, as a matter of law, the litigation of this proceeding is precluded by the arbitration award, which was confirmed by the New York Supreme Court. They present that argument under the doctrine of collateral estoppel or issue preclusion, but it is more

---

**2.** The Oakland Defendants did not challenge Gould's right to file this adversary proceed-

ing.

appropriate to consider it under the doctrine of res judicata or claim preclusion.

 The res judicata doctrine is well established:

> [T]he judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Cromwell v. Sac County,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876); *see also, e.g., Nevada v. United States,* 463 U.S. 110, 128–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). In this circuit, an arbitration award bars subsequent litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman,* 266 F.3d 78, 90 (2d Cir.2001) (citations omitted).

 The first two prongs of that test are obviously beyond any reasonable dispute. The arbitration award was an adjudication on the merits of the substantive claims between Oakland Associates and Gould, who were both parties to it. The other Oakland Defendants are individual partners of Oakland Associates or their successors, *see* Complaint at ¶¶ 10–12, and Gould did not question their privity with Oakland Associates.

The only prong remaining for consideration is whether allegations asserted in this proceeding "were … raised in the arbitration." Gould's complaint in this proceeding alleges that he is entitled to be compensated for his services and expenses as managing partner of Oakland Associates. *See* Complaint at ¶ 65. He argues that this issue was not determined by the arbitrator, citing the arbitrator's conclusion that he "has neither the authority nor the jurisdiction to hear such counterclaims or render the relief requested by [Gould], and these 'counterclaims' must be dismissed." (Arb. Award at 2).

Gould's reliance on that sentence is misplaced as it ignores the rest of the arbitration award. Immediately after that language, the arbitrator explains that Gould's " 'applications' must be addressed *to his partners since only [Oakland Associates] could specifically authorize [any payment].*" (*Id.* (emphasis added)). Indeed, the exact same argument Gould raises here was raised and rejected in the arbitration:

> [Gould] does not dispute that he "took" the payments; rather he argues that his partners were aware of his activities and that, in essence, he is "entitled to" and/or "earned" this more than $2 million by virtue of either the inherent value of the services he rendered or the effect his services had in enhancing and/or preserving the value of the partnership's asset. [Gould's] arguments miss the point, however, since the credible evidence clearly established that his partners never knew how much [he] was "charging" for his services (and he seemed to be deliberately avoiding telling them)—and it was for [Oakland Associates] as a partnership, not [Gould] acting alone, to determine what was to be done, when, by whom and at what cost.

(Arb. Award at 1).

In his award to Oakland Associates of $2,116,643.23, the arbitrator specifically notes "that [Oakland Associates], *in its sole discretion,* may reduce said amount by any additional compensation it *may, but*

*is not required to, specifically authorize* for the services rendered by [Gould]." (Arb. Award at 2 (emphasis added)). Thus, contrary to Gould's argument here, the arbitrator was not inferring another tribunal might have jurisdiction to hear Gould's claims, but instead stated that the only party which could authorize payment to Gould was Oakland Associates.

Gould also argued that his complaint here includes an alleged right for reimbursement of expenses and that that specific claim is not precluded because it was not considered by the arbitrator. Again, Gould asks this court to ignore what the arbitrator said. Prior to issuing the award, he agreed to "hear testimony and receive document evidence with respect to partnership expenditures authorized or undertaken by Mr. Gould." (Arb. Tr. of 1/24/03 at 14). Thereafter, Gould wrote to the arbitrator, stating he would show "that the funds which [Oakland Associates] alleges were misappropriated, represent the reasonable and necessary expenses of the partnership (including legal fees)...." (Letter dated 3/17/03 by Gould to arbitrator). It is therefore apparent that Gould's claims for expenses were not only presented to the arbitrator, but that they were rejected by him.

For the foregoing reasons, it is concluded that there are no genuine issues of material fact in dispute and, as a matter of law, the instant adversary proceeding is barred by res judicata. Accordingly, the motion for summary judgment is granted, and

IT IS SO ORDERED.